Judge Underwood,
delivered the opinion of the Court.
Boyd executed his covenant to Andrew and William Couchman, for the conveyance of a house and lot, “the title to be made when the purchase money is all paid.” The Couchmans were to pay $>1000, Christmas, 1823, and $651 in March, 1825. All the purchase money having been paid and Boyd failing to convey, an action of covenant was instituted against him, to recover damages for his failure. On trial, the plaintiffs proved that they had paid the whole of the purchase money, but instead of paying it punctually, on the days fixed in the covenant, they had paid it to the sheriff afterwards, being coerced by law.
The court instructed the jury to find as in case of a nonsuit. We think, from an examination of the evidence, the instruction ought not to have been given.
We have no doubt that the proper construction of Boyd’s covenant, imposes a duty on him to convey the lot whenever the purchase money shall be all paid, whether before, at, or after the times fixed for pay-meat in the covenant, and having failed to convey, he is liable. But it is contended that the, plaintiff should have given Boyd personal notice of the payment of the money to the sheriff, before instituting their suit, and as this was not done, the instruction was proper. They were not required by law, to give such notice, *396 The.sheriif was, by law, constituted Boyd’s agent, i<? collect and receive the money, and he, in accordance with the principles settled in the case of Keys vs. Powell & Co. 2 Marshall, 253, was bound to take notice of the payment of the money to the sheriff.
The tender of a deed, after suit, cannot affect the action at law.
Mills and Depew, for plaintiffs; Crittenden and Triplett, for defendants.
The execution and tender of a deed, after the institution of the suit by Boyd, to the Coachmans, cannot defeat their aption at law. If Boyd can bring himself under the operation of the principles recognized foe the specific enforcement of contracts, he may haver remedy in chancery, but common law tribunals cannot help him.
The judgment of the circuit court is reversed, and the verdict of the jury set aside for new proceedings to be had, not inconsistent with this opinion. The plaintiffs must recover their costs.